IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILFREDO DIAZ-ROMERO, M.D., et al.,

    Plaintiffs,

    v.

SECRETARY OF JUSTICE, JOHN ASHCROFT, et al.,

    Defendants.

CIVIL NO. 05-2180 (RLA)

**ORDER GRANTING MOTION TO DISMISS**

The United States of America has moved the court to dismiss the instant complaint alleging lack of subject matter jurisdiction, lack of in personam jurisdiction, insufficiency of service of process, failure to state a claim, and failure to join an indispensable party. In the alternative, movant requests that summary judgment be entered in its favor.

The court having reviewed the memoranda filed by the parties hereby finds sufficient grounds to grant the petition for dismissal for the reasons set forth in this Order.[1]

**I. PROCEDURAL BACKGROUND**

Dr. Wilfredo Diaz Romero, a former Public Health Service ("PHS") commissioned officer formerly assigned to the Bureau of Prisons ("BOP" or "Bureau") Metropolitan Detention Center in

---

[1] Given our disposition of the claims asserted in the complaint there is no need to dispose of the alternate summary judgment request.

**CIVIL NO. 05-2180 (RLA)**                                                                 **Page 2**

Guaynabo, Puerto Rico ("MDC Guaynabo"), his wife and their conjugal partnership instituted this action claiming damages arising from alleged employment discrimination against Dr. Diaz Romero while working at MDC Guaynabo based essentially on two separate events.

Specifically, the complaint alleges that: (1) Dr. Diaz Romero was demoted from his position as Clinical Director to the position of Medical Officer in retaliation for having been previously charged with sexual harassment, and (2) his performance evaluation was lowered in violation of his due process rights. The pleading further mentions a conspiracy to violate plaintiff's constitutional rights and a hostile work environment created by defendants' intentional or negligent discriminatory conspiracy actions.

The complaint cites violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. §§ 1983, 1985 and 1986, the Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution as well as torts pursuant to art. 1802 of the Puerto Civil Code, P.R. Laws Ann. tit. 31, § 5191 (1990) under our supplemental jurisdiction.

Plaintiffs seek both compensatory and punitive damages.

Named defendants are: John Ashcroft and Richard Chavez in their official capacity[2] as well as several other current and former BOP and PHS employees both in their personal and official capacities.

---

[2] Codefendants John Ashcroft and Edward Gonzalez are no longer employed with the U.S. Department of Justice.

We need only address the viability of plaintiff's Title VII cause of action as well as the tort and constitutional violations claims inasmuch as they are dispositive of this suit.

## II. RULE 12(b)(1) AND RULE 12(b)(6)

Movant argues dismissal premised on both lack of subject matter jurisdiction as well as plaintiffs' failure to state a colorable claim.

The court's authority to entertain a particular controversy is commonly referred to as subject matter jurisdiction. "In the absence of jurisdiction, a court is powerless to act.") Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 138 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). *See also*, Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001) ("Federal courts, being courts of limited jurisdiction, have an affirmative obligation to examine jurisdictional concerns on their own initiative.")

Further, subject matter jurisdiction is not waivable or forfeited. Rather, it involves a court's power to hear a case, it may be raised at any time. Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906,

**CIVIL NO. 05-2180 (RLA)**                                                           **Page 4**

157 L.Ed.2d 867 (2004); United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). "The objection that a federal court lacks subject-matter jurisdiction... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., ___ U.S. ___, 126 S.Ct. 1235, 1240, 163 L.Ed.2d 1097 (2006).

The proper vehicle for challenging the court's subject matter jurisdiction is Rule 12(b)(1) whereas challenges to the sufficiency of the complaint are examined under the strictures of Rule 12(b)(6). In disposing of motions to dismiss for lack of subject matter jurisdiction the court is not constrained to the allegations in the pleadings as with Rule 12(b)(6) petitions. Rather, the court may review extra-pleading material without transforming the petition into a summary judgment vehicle. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

**CIVIL NO. 05-2180 (RLA)**                                                               **Page 5**

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. den*. 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

Regardless of which of these two procedural routes we take for examining the viability of claims asserted in these proceedings, we find that dismissal of the complaint is warranted.[3]

### III. TITLE VII

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See*, United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Day v. Massachusetts Air Nat'l Guard, 167 F.3d 678,

---

[3] *See*, Arbaugh, 126 S.Ct. at 1240 for a distinction between these two genre.

**CIVIL NO. 05-2180 (RLA)**                                                                                         **Page 6**

681 (1st Cir. 1999) ("[a]s sovereign, the United States may not be sued for damages without its consent.") In 1972 - by way of an amendment to the Civil Rights Act of 1964 - federal employees as well as applicants to federal employment were allowed to vindicate claims of discrimination in employment based on "race, color, religion, sex, or national origin" via judicial proceedings. 42 U.S.C. § 2000e-16(a). These remedies are exclusive and mandate that employees first exhaust the pertinent administrative steps prior to resorting to the court for relief. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-30, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

It is undisputed that plaintiff, Dr. Diaz Romero, was an active service commissioned officer in the PHS at all times relevant to the complaint. Pursuant to 42 U.S.C. § 213(f),[4] he is deemed to be in active military service in the Armed Forces and hence, excluded from the provisions of Title VII, specifically 42 U.S.C. § 2000e-16 which extended its application to employees of the Federal Government. *See*, Hedin v. Thompson, 355 F.3d 746, (4th Cir. 2004); Salazar v. Heckler,

---

[4] This statute reads:

> Active service of commissioned officers of the [Public Health] Service shall be deemed to be active military service in the Armed Forces of the United States for purposes of all laws related to discrimination on the basis of race, color, sex, ethnicity, age, religion, and disability.

**CIVIL NO. 05-2180 (RLA)** **Page 7**

787 F.2d 527 (10th Cir. 1986); Middlebrooks v. Thompson, 379 F.Supp.2d 774 (D.Md. 2005).

Further, plaintiff's spouse has no valid claim under Title VII. Relief against the Government under this particular statute is limited to "employees or applicants for employment" in the federal system. 42 U.S.C. § 2000e-16(a). *See also*, Ramos v. Roche Prods., 694 F. Supp. 1018, 1026 (D.P.R. 1988), *vacated on other grounds*, 880 F.2d 621 (1st Cir. 1989) ("Though Congress intended Title VII to provide a broad foundation to remedy employment discrimination, it did not intend to provide a remedy to a spouse of a plaintiff having no employment connection with the employer".)

Accordingly the claims asserted under Title VII are hereby **DISMISSED**.[5]

### IV. TORTS - INDIVIDUAL DEFENDANTS

Plaintiffs may not pursue a negligence cause of action against the individual defendants in this case. According to the Federal Tort Claims Act ("FTCA"), the United States is the only proper party defendant to a suit based on torts arising from the negligent acts or omissions of its employees when taken within the scope of their official duties. "The FTCA waives the sovereign immunity of the United States with respect to tort claims... and provides the

---

[5] Because we find that plaintiffs may not pursue a Title VII cause of action before this court, we need not address the other alternative arguments raised by movant regarding exhaustion of administrative remedies and the timeliness of the Title VII claims.

**CIVIL NO. 05-2180 (RLA)**                                                                 **Page 8**

exclusive remedy to compensate for a federal employee's tortious acts, committed within his or her scope of employment." Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000). Pursuant to 28 U.S.C. § 2679(b)(1), the remedies provided under the Federal Tort Claims Act against the United States for negligent suits is exclusive and federal employees - including members of the military[6] - are immune from suits based on torts for acts taken within the scope of their employment.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, amended the FTCA "to make an action against the United States the exclusive remedy for money damages for injury arising from the 'negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment,' 28 U.S.C. § 2679(b)(1) making federal employees absolutely immune from suit for torts committed within the scope of employment." Aversa, 99 F.3d at 1207. "The [Westfall] Act confers such immunity by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment." United States v. Smith, 499 U.S. 160, 163, 111 S.Ct. 1180, 1183-84, 113 L.Ed.2d 134 (1991).

This individual immunity subsists even if government liability is otherwise foreclosed. Operation Rescue National v. United States,

---

[6] See, 28 U.S.C. § 2671 which includes "members of the military or naval forces of the United States" in its definition of "Employees of the [federal] government".

**CIVIL NO. 05-2180 (RLA)**                                                   **Page 9**

---

147 F.3d 68, 69 (1st Cir. 1998). In other words, the FTCA provides "the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability." United States v. Smith, 499 U.S. at 166, 111 S.Ct. at 1185, 113 L.Ed.2d 134. *See also*, Aversa, 99 F.3d at 1208 ("FTCA is the exclusive remedy even when... an exception to the FTCA precludes government liability.").

The acts complained of in these proceedings, i.e., Dr. Diaz Romero's demotion and allegedly unjust evaluation and other work-related treatment were, per force, taken by his supervisors as part of the inherent functions of their positions. Accordingly, we find that plaintiffs are precluded from pursuing negligent claims against the individual defendants in this action and the same are hereby **DISMISSED**.

### V. FERES DOCTRINE

#### a. FTCA

It has been long established that intramilitary suits seeking damages against the United States based on tort are precluded under the *Feres* doctrine.[7] In *Feres*, the United States Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159, 95 L.Ed. 152.

---

[7] *See*, Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

**CIVIL NO. 05-2180 (RLA)**                                                                 **Page 10**

The "incident to service" test has been broadly construed and extended to situations where civilian employees of the federal Government have been charged with negligence. *See, i.e.*, United States v. Johnson, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (wrongful death FTCA claim brought by widow of deceased coast guard helicopter pilot foreclosed under the *Feres* doctrine inasmuch as death occurred during rescue mission on high seas which was deemed an activity incident to his military service even if the alleged negligence was by a civilian employee of federal government.) Nor does the fact that the damages may have occurred during plaintiff's "spare time" prevent application of the *Feres* immunity. *See i.e.*, Borden v. Veterans Admin. 41 F.3d 763 (1st Cir. 1994) (active service member injured while playing basketball barred from bringing suit against the Veterans Administration Hospital even if medical treatment was provided by civilian government employees and injury occurred while plaintiff was "off duty".)

"The incident to service test itself has become a talisman, although perhaps not so intended... Courts have sought to determine whether an injury was incident to service by asking whether it occurred on a military facility, whether it arose out of military activities or at least military life, whether the alleged perpetrators were superiors or at least acting in cooperation with the military, and--often stressed as particularly important... whether the injured party was himself in some fashion on military

**CIVIL NO. 05-2180 (RLA)** **Page 11**

service at the time of the incident. No single element in the equation, the Supreme Court has said, is decisive." Day, 167 F.3d at 682 (internal citations omitted).

As previously noted, at all relevant times plaintiff Dr. Wilfredo Diaz Romero was a PHS commissioned officer and, by operation of law, deemed to be in active service in the Armed Forces. It appearing that the damages alleged in the complaint stem precisely by virtue of his work at MDC Guaynabo these necessarily fall within the ambit of the "incident to service" envisioned in *Feres*.

Accordingly, plaintiff is precluded from asserting any negligence claims against the United States.

### b. Bivens and § 1983

The *Feres* immunity has been extended to damages suits asserted against individual defendants - either for common law torts or for constitutional torts - be it under § 1983[8] or Bivens,[9] its federal equivalent. Wigginton v. Centracchio, 205 F.3d 504 (1st Cir. 2000).

---

[8] We further find that there is no cognizable claim under 42 U.S.C. § 1983 in this action since this provision applies exclusively "to persons acting 'under color of state law' and not to persons acting pursuant to federal law" Chatman v. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986) and there is no controversy over the fact that all challenged actions in these proceedings arise from conduct of federal officers acting within the scope of their federal duties. *See also*, Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001) ("§ 1983 cannot form the basis of an action against individuals acting under color of federal law".)

[9] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**CIVIL NO. 05-2180 (RLA)**                                              **Page 12**

*See also*, United States v. Stanley, 483 U.S. 669, 684, 107 S.Ct. 3054, 3064, 97 L.Ed.2d 550 (1987) (*Feres* limitation applicable to both Bivens and section 1983 suits); Chappell v. Wallace, 462 U.S 296, 305, 103 S.Ct. 2362, 2368, 76 L.Ed.2d 586 (1983) ("enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations [*Bivens* suit]"); Day, 167 F.3d at 683 ("immunity-related limitations on *Bivens* are presumptively to be applied to claims under section 1983"); Wright v. Park, 5 F.3d 586, 591 (1st cir. 1993) ("absent a specific statutory provision to the contrary, there is no principled basis for according state actors sued under 42 U.S.C. § 1983 a different degree of immunity than would be accorded federal actors sued for an identical abridgment of rights under *Bivens*.")

Plaintiffs sued the federal defendants both in their official and individual capacities seeking monetary relief for alleged violations of Dr. Diaz Romero's constitutional rights. Pursuant to *Feres*, plaintiffs are precluded from obtaining monetary compensation in this suit from either the Government or the named federal employees individually regardless of whether the economic relief prayed for in the complaint is premised on negligent or allegedly unconstitutional conduct.

Accordingly, all damages claims asserted in the complaint based on negligence and/or constitutional violations are **DISMISSED** in accordance with *Feres*.

### VI. CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by the United States of America (docket No. **7**) is **GRANTED**.[10]

Accordingly, the complaint filed in this case is hereby **DISMISSED**.[11]

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 26th day of January, 2007.

                                              S/Raymond L. Acosta
                                              RAYMOND L. ACOSTA
                                    United States District Judge

---

[10] *See also,* Opposition (docket No. **10**); Reply (docket No. **12**) and Plaintiffs' Sureply (sic) (docket No. **21**).

[11] In <u>Wigginton</u>, the First Circuit Court of Appeals departed from the ruling of other circuits and concluded that even though petitions for damages based on unconstitutional conduct were precluded under *Feres*, "a military plaintiff... [was] entitle[d] to pursue an equitable action to bring constitutional violations to an end." *See*, <u>Dibble v. Fenimore</u>, 339 F.3d 120, 125 (2nd Cir. 2003) and <u>Speigner v. Alexander</u>, 248 F.3d 1292, 1296-97 (11th Cir. 2001) (collecting cases). *See also*, Christopher G. Froelich, *Closing the Equitable Loophole: Assessing the Supreme Court's Next Move Regarding the Availability of Equitable Relief for Military Plaintiffs*, 35 Seton Hall L. Rev. 699 (2005). That is, a suit seeking strictly equitable relief to redress the prejudice resulting from unconstitutional violations is available to military personnel. However, inasmuch as in their complaint plaintiffs petition damages as the sole remedy for their maladies there is no available relief to be provided in this action.